**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Melanie Mulconrey, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Nestlé USA, Inc.,<br>Defendant. | Civil Action No. 1:26-cv-7738 |

**NESTLÉ USA, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Nestlé USA, Inc. ("Nestlé"), removes the above-captioned action from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, on the ground that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), and 28 U.S.C. § 1332(a).

## I. Background

On May 21, 2026, Plaintiff Melanie Mulconrey, individually and on behalf of all others similarly situated, filed this action in the Circuit Court of Will County, Illinois, Case No. 2026LA000513. True and correct copies of Plaintiff's complaint and summons received by Nestlé are attached to this Notice as Exhibit 1. A true and correct copy of the service of process transmittal summary is attached to this Notice as Exhibit 2.

Plaintiff brings claims against Nestlé for unjust enrichment and alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*

Ex. 1 ¶¶ 32-45. Plaintiff alleges that Nestlé passed through to her and similarly situated consumers of its Nespresso products the costs of tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"). *Id.* ¶¶ 6, 17-18. Specifically, Plaintiff alleges that, after tariffs were imposed by executive order on imports from U.S. trade partners between February and May of 2025, Nestlé paid those tariffs on imported Nespresso products and then "directly or indirectly" charged consumers the cost of the tariffs. *Id.* ¶¶ 2-4, 6, 18. Plaintiff further alleges that, because the Supreme Court later held the tariffs unlawful, Nestlé is entitled to seek a refund for any IEEPA tariffs it paid. *Id.* ¶¶ 8-9. Plaintiff alleges that it would be improper for Nestlé to retain any refund that it may receive in the future, *id.* ¶ 11, and that, even if Nestlé does not receive a refund, it would still be improper "to charge consumers the cost of unconstitutional, unlawful IEEPA tariffs that provide no benefit to Plaintiff or other consumers in any way," *id.* ¶ 12.

Plaintiff seeks relief on behalf of a purported nationwide class comprising "[a]ll persons within the United States who were charged IEEPA Tariffs by Defendant within three years prior to the filing of the original Complaint through the date of class certification," *id.* ¶ 27, and an Illinois subclass comprising "[a]ll persons within the State of Illinois who were charged IEEPA Tariffs by Defendant within three years prior to the filing of the original Complaint through the date of class certification," *id.* ¶ 28. She alleges that there are "thousands, if not more" members in her proposed class and subclass. *Id.* ¶ 30; *id.* ¶ 29(a) (alleging, upon information and belief, that "there are hundreds, if not thousands of individuals" in the proposed class and subclass).

Plaintiff seeks certification of the putative class and subclass, declaratory relief, injunctive relief, actual damages, punitive damages, restitution, and attorney's fees, court costs, and other litigation expenses. *Id.* ¶¶ 29(h), 40, 45 & at 10-12 (Prayers for Relief).

Nestlé has not yet filed an answer or responsive pleading. To be clear, Nestlé denies that it is liable to Plaintiff for unjust enrichment or any alleged violation of ICFA, that Plaintiff has suffered a cognizable injury, or that Plaintiff is entitled to any of the relief she seeks. Nevertheless, on the face of the complaint, Nestlé is entitled to remove this action pursuant to CAFA, 28 U.S.C. § 1332(d)(2)(A), and the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

## II. Removal Is Proper Under CAFA.

CAFA sets forth three requirements to invoke federal jurisdiction: (1) a class action comprising 100 or more members, (2) in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5). All three requirements are satisfied here.

### A. This Case Is a Putative Class Action Comprising at Least 100 Members.

This action is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) because it is brought under the provision of the Illinois Code of Civil Procedure authorizing class actions. *See* Ex. 1 ¶ 29; 735 ILCS § 5/2-801. This action also satisfies § 1332(d)(5)'s numerosity requirement on the basis of Plaintiff's allegations that there are "thousands, if not more" purported class and subclass members. Ex. 1 ¶ 30; *see id.* ¶ 29(a) (alleging there are "hundreds, if not thousands" of members).

### B. Minimal Diversity Exists Pursuant to 28 U.S.C. § 1332(d)(2)(A).

CAFA jurisdiction requires minimal diversity, or that at least one plaintiff be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that she "was at all relevant times residing in Joliet, Illinois," *id.* ¶ 13, and her complaint provides no indication that she left or intends to leave the state. Thus, upon information and belief, Plaintiff is a citizen of Illinois. Nestlé is incorporated in Delaware,[1] and is alleged to be headquartered in

[1] A true and correct copy of a LexisNexis summary of Delaware Secretary of State records, which reflect that Nestlé USA, Inc.'s "State of Incorp[oration]" is Delaware, is attached as Exhibit 3.

Virginia. *Id.* ¶ 14. Nestlé is therefore a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1). Because Nestlé is a citizen of different states than Plaintiff, minimal diversity exists between the parties.

**C. The Amount in Controversy Plausibly Exceeds $5 Million.**

Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A party removing under CAFA need only provide "a good faith estimate" of the amount in controversy that is "plausible and adequately supported by the evidence." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (cleaned up). The question is not whether damages *are* greater than $5 million, but only whether "a fact-finder *might* conceivably lawfully award" damages greater than $5 million. *Id.* at 583 (quoting *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016)). "In many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions." *Domingo v. Prudential Ins. Co. of Am.*, 2020 WL 6545059, at *6 (N.D. Ill. Nov. 6, 2020) (citing *Abraham v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 1433782, at *5 (N.D. Ill. Mar. 24, 2020)). That is because the removing party's burden "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

Nestlé denies the claims alleged in Plaintiff's complaint and does not concede that Plaintiff or any putative class or subclass member is entitled to any damages stemming from any alleged violations of ICFA or any alleged unjust enrichment. *See Spivey*, 528 F.3d at 986 ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." (internal quotation marks omitted)); *Roppo*, 869 F.3d at 579 (same). It is nevertheless plausible, however, that Plaintiff and the putative class and subclass may seek damages that exceed $5

million. Plaintiff alleges that, after announcing "that its prices would increase in the second half of 2025 to offset the IEEPA tariffs," Nestlé announced in November of 2025 "that its prices had increased during the previous nine months by 5.3%." Ex. 1 ¶ 7. The complaint cites a press release indicating that, through the first nine months of 2025, Nestlé had approximately $31.7 billion in sales in the Americas, and approximately $5.9 billion in total Nespresso sales (about 7% of its global sales). *Id.* ¶ 7 n.2. Even assuming Plaintiff's claims pertain to just 2% of Nestlé's global Nespresso sales (an extremely conservative estimate for Nestlé's U.S. Nespresso sales, *see id.*), her claims raise a plausible inference that the aggregate amount in controversy is enough to cross CAFA's threshold based on alleged actual damages alone (2% of $5.9 billion is $118 million; 5.3% of $118 million is $6.254 million). *See id.* ¶¶ 29(a), 30 (alleging there are "thousands, if not more" putative class and subclass members across the United States). Because exceeding the jurisdictional minimum would not be "legally impossible," that amount "controls and allows removal." *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011).

In summary, because this action is (1) a putative class action comprising 100 or more members, (2) in which any member of the putative class is a citizen of a state different from the defendant's states of citizenship, and (3) the aggregate amount of damages sought is plausibly in excess of $5 million, this case falls within the subject matter jurisdiction of this Court pursuant to 28 U.S.C § 1332(d)(2)(A) and is therefore removable pursuant to 28 U.S.C. § 1441.

## III. Removal Is Proper Under 28 U.S.C. § 1332(a).

28 U.S.C. § 1332(a) also provides an independent basis for removal in this case. For this Court to exercise diversity jurisdiction, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000. Plaintiff's complaint meets those criteria.

**A. Complete Diversity of Citizenship Exists Between the Parties.**

Complete diversity requires that all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332(a)(1). For the same reasons that minimal diversity exists, complete diversity exists here. *See* Section II.B (*supra*, at 3). Plaintiff is, upon information and belief, a citizen of Illinois, Ex. 1 ¶ 13, and Nestlé is a Delaware corporation alleged to be headquartered in Virginia, *id.* ¶ 14.

**B. The Amount in Controversy Plausibly Exceeds $75,000.**

For a court to exercise diversity jurisdiction over a class action, the claims of at least one class representative must satisfy the $75,000 amount-in-controversy requirement. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Because Plaintiff does not provide much information about the value of her claims, a "good faith estimate" will suffice as long as it is "plausible and adequately supported by the evidence." *Roppo*, 869 F.3d at 579 (quoting in part *Blomberg*, 639 F.3d at 763). If Nestlé meets this burden, "then remand is appropriate only if the plaintiff can establish the claim is for less than the requisite amount to a 'legal certainty.'" *Id.* (quoting in part *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)).

Here, Plaintiff seeks, *inter alia*, damages (both actual and punitive), attorney's fees, and injunctive relief. Ex. 1 ¶¶ 29(h), 40, 45 & at 10-12. Each category of relief sought by Plaintiff meets the $75,000 amount-in-controversy requirement, and aggregating the value of all three forms of relief together easily crosses the $75,000 threshold. *See, e.g.*, *Tropp v. W.-S. Life Ins. Co.*, 2003 WL 21688245, at *1 n.3 (N.D. Ill. July 18, 2003) (determining that plaintiff's claims satisfied amount in controversy after aggregating claimed damages, attorney's fees, and cost of compliance with injunctive relief), *aff'd*, 381 F.3d 591 (7th Cir. 2004); *see also Caprarola v. Helzberg's Diamond Shops, Inc.*, 2014 WL 12936983, at *2 (N.D. Ill. May 1, 2014) (noting that courts "consider all damages available to a plaintiff" in calculating the amount in controversy); *Azimi v.*

*Ford Motor Co.*, 977 F. Supp. 847, 851 (N.D. Ill. 1996) (noting that a plaintiff may aggregate damages and attorney's fees because both "count towards the amount in controversy").

**1. Damages**

Nestlé denies that Plaintiff is entitled to any damages or that Nestlé violated Plaintiff's rights under ICFA. Nevertheless, a reasonable estimate of Plaintiff's potential claims for damages could exceed $75,000. First, actual damages awards in ICFA cases have exceeded $75,000. *See Clodfelter v. United Processing, Inc.*, 2008 WL 4225557, at *5 (C.D. Ill. Sept. 12, 2008) (awarding plaintiff $100,000 in actual damages under ICFA). Moreover, courts in Illinois have affirmed punitive damages awards for ICFA violations that reflect multipliers of more than five. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011); *Roppo*, 869 F.3d at 582 (same). Plaintiff's claims for damages thus could conceivably exceed $75,000 or, alternatively, exceed $75,000 when aggregated with Plaintiff's requests for attorney's fees and injunctive relief.

**2. Attorney's Fees**

The amount-in-controversy requirement is also met by Plaintiff's request for attorney's fees. Because ICFA authorizes the recovery of attorney's fees, *see* 815 ILCS 505/10a(c), "[l]egal fees may count toward the amount in controversy," *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018), provided they were incurred "for work performed prior to filing a complaint," *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).

Here, Plaintiff might plausibly claim more than $75,000 in fees incurred through the filing of the complaint in this matter. Although Plaintiff has yet to present a fee petition in this case, Nestlé's estimate of this amount is based on amounts plaintiffs' counsel have claimed in other class actions. For example, Plaintiff's counsel in this case, Todd M. Friedman, and his co-counsel recently sought to recover $246,250 in fees as part of a class action settlement. Mr. Friedman's declaration in support of that request indicated that his firm had spent approximately seven months

of their year and a half involvement in the litigation on a "pre-filing investigation." Decl. of Todd M. Friedman in Support of Plaintiff's Motion for Attorneys' Fees & Costs at 15, *Winters v. Two Towns Ciderhouse, Inc.*, No. 3:20-CV-468 (Feb. 15, 2021), ECF No. 23-1. This suggests that Mr. Friedman's firm incurred a large portion of the $246,250 fee request prior to filing the complaint in that action. A similar claim for attorney's fees in this action plausibly could exceed $75,000.

**3. Value of Injunctive Relief**

Finally, the likely cost to Nestlé of Plaintiff's requested injunctive relief exceeds the jurisdictional threshold. "[T]he cost to a defendant of complying with an injunction sought by the plaintiff may properly be considered in determining the amount in controversy." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). Applied to class actions, that amount comprises "the cost to each defendant of an injunction running in favor of one plaintiff," because of the rule that purported class members' claims cannot be aggregated to reach the jurisdictional amount. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (quotation marks omitted). However, the entire value of implementing company-wide injunctive relief can properly be considered when "the changes sought in the complaint could be instituted only on a systemic basis" because the change "would cost the same whether it was made for" the benefit of the named plaintiff or the entire class. *Id.*

Plaintiff seeks injunctive relief "prohibiting [the conduct alleged in the complaint] by Defendant in the future" and "requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class" of the conduct alleged in the complaint. Ex. 1 at 10-12. To be clear, Nestlé denies that any such injunctive relief is warranted here. Nevertheless, notifying thousands of class members of the conduct Plaintiff alleges and implementing a potential change to Nestlé's practices, as Plaintiff requests, likely would cost Nestlé more than $75,000. *See Tropp*, 2003 WL 21688245, at *1 n.3 (when plaintiff sought to enjoin insurer from charging certain premiums

without notice, explaining: "Defendant asserts, and Plaintiff does not deny, that to comply with such an injunction [the insurer] would be forced to make company-wide changes that would cost more than $75,000."). Indeed, in a recent class action, Plaintiff's counsel represented that the "hard costs of notice" to the class were "approximately $155,000." Decl. of Todd M. Friedman in Support of Plaintiff's Motion for Attorneys' Fees & Costs at 15, *Winters v. Two Towns Ciderhouse, Inc.*, No. 3:20-CV-468 (Feb. 15, 2021), ECF No. 23-1.

* * *

As set forth above, the amount-in-controversy requirement is independently satisfied by each of Plaintiff's requests for damages, attorney's fees, and injunctive relief. But even if that were in dispute, the total value of this relief in the aggregate plausibly exceeds $75,000.

**IV. Nestlé Has Satisfied All Other Requirements for Removal.**

Nestlé has satisfied all procedural requirements for removal. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the "district and division embracing the place where [this] action is pending." 28 U.S.C. § 1441(a). Plaintiff filed this action in the Circuit Court of Will County, Illinois. A copy of all process, pleadings, and orders served on Nestlé is attached to this Notice pursuant to 28 U.S.C. § 1446(a).

Nestlé's removal is also timely. Plaintiff served her complaint on Nestlé on June 8, 2026. This Notice has been filed within 30 days of service in accordance with 28 U.S.C. § 1446(b). Finally, in accordance with 28 U.S.C. § 1446(d), Nestlé will promptly provide written notice to Plaintiff and will file a copy of this Notice of Removal with the Circuit Court of Will County, Illinois, Law Division.

WHEREFORE, Nestlé respectfully removes this action from the Circuit Court of Will County, Illinois, docketed at 2026-LA-000513, to this Court.

Dated: July 1, 2026

Respectfully submitted,

By: */s/ Matthew D. Provance*

Carmine L. Zarlenga
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
czarlenga@mayerbrown.com

Matthew D. Provance
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
mprovance@mayerbrown.com

*Counsel for Defendant Nestlé USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of this Notice were sent by email and first-class U.S. mail to counsel for Plaintiff at the address and email address below:

Steven G. Perry
Law Offices of Todd M. Friedman, P.C.
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
Telephone: 224-218-0875
Steven.perry@toddflaw.com

Respectfully submitted,

By: *<u>/s/ Matthew D. Provance</u>*

Matthew D. Provance
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
mprovance@mayerbrown.com